UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| KEITH MANUFACTURING CO., | |
| Plaintiff, | Civil Action No. 5:15-cv-9-JRG |
| v. | **FIRST AMENDED COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT** |
| CARGO FLOOR B.V. and MAGNIDRIVE B.V. | |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff Keith Manufacturing Co. ("Keith") files this complaint for patent and trademark infringement under federal patent and unfair competition statutes against Defendants Cargo Floor B.V. and MagniDrive B.V., and will show the following:

I.      PARTIES, JURISDICTION, AND VENUE

1.      Keith is an Oregon state corporation, with its principal place of business in Madras, Oregon.  Keith is in the business of selling and supplying conveyor systems and parts throughout the United States, including conveyor systems and parts that are designed to be built into the floor of a truck trailer.

2.      Cargo Floor B.V. is a Netherlands corporation, with its principal place of business in Coevorden, The Netherlands.  Like Keith, Cargo Floor B.V. is in the business of selling and supplying conveyor systems and parts that are built into the floors of truck trailers.

3.      Cargo Floor B.V. manufactures its products in Coevorden, The Netherlands.

4.      Cargo Floor B.V.'s primary marketing territory is in Europe.  However, Cargo Floor B.V. recently shipped approximately twenty (20) conveyor systems ("the Cargo Floor

shipment") to Innovative Trailers, Inc. ("Innovative Trailers" or "ITI"), a Texas trailer manufacturer located at 714 Falvey Ave., Texarkana, Texas.

5.     Innovative Trailers has been a customer of Keith.  The Cargo Floor shipment was recently discovered by a Keith sales representative who saw and photographed a crated and labeled Cargo Floor B.V. conveyor system on the lot at Innovative Trailers.

6.     The Cargo Floor shipment to Innovative Trailers in Texas gives rise to federal causes of action, on grounds set forth below.

7.     On or about January 28, 2015, Keith commenced the present action against Cargo Floor B.V.  Following commencement of this action, MagniDrive B.V. was created as a new Netherlands' corporation, identifying its address and principal place of business as being the same as Cargo Floor B.V.  Cargo Floor B.V. and MagniDrive B.V. are commonly owned. MagniDrive B.V. was created for the purpose of continuing the operations of Cargo Floor B.V. in the United States.

8.     This is an action for patent infringement and unfair competition and trademark infringement arising under certain United States statutes, namely 35 U.S. C. § 271, 15 U.S.C. § 1114 and 15 U.S.C. § 1125.

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action involves claims of patent infringement under 35 U.S.C. § 271 and claims of unfair competition and trademark infringement arising under 15 U.S.C. §§ 1114 and 1125.

10.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391.

## II.     FACTS

11.     Keith is in the business of manufacturing and selling "reciprocating conveyors" that are typically installed in the floors of large trailers.  The reciprocating conveyors consist of a series of floor slats that all move together and carry a load in one direction, but then return underneath the load in a three-step sequence, one-third of the slats at a time.  The mechanical operation of the slats unloads the trailer by inching the load endwise relative to the trailer's floor,

without tilting the floor.  Trailers of this type are used in lieu of trailer beds with hydraulic hoists that are common to dump trucks.

12.     Keith's products are used to haul materials in various industries that need reciprocating conveyors for unloading trucks and the like.

13.     Keith also owns Foster Manufacturing, Inc., an Oregon corporation doing business as Keith Walking Floor Europe in Barneveld, The Netherlands (collectively "Keith").

14.     Keith has been engaged in business operations in The Netherlands and Europe for decades.

15.     Frans Arian Heino de Raad ("de Raad") and Dirk Nÿhof ("Nÿhof") were former employees of a predecessor Keith company in The Netherlands.  Messrs. de Raad and Nÿhof left Keith's employment in the early 90s.  At that time, they founded at least one competing company in Coevorden, The Netherlands, called Cargo Handling Systems B.V.  As late as 2004, Nÿhof identified himself as the managing director of Cargo Handling Systems B.V.

16.     The principals of Cargo Handling Systems B.V. also created other "Cargo" trade entities such as Cargo Mac B.V., and later, Cargo Floor B.V., all operating from the same address in Coevorden.

17.     The "Cargo" entities (created by de Raad and Nÿhof) compete with Keith in Europe, but there has been little competition elsewhere, and no competition in the United States, until recently.

18.     Keith has designed and developed new product innovations for reciprocating conveyors during the course of Keith's history.

19.     Keith has acquired a substantial patent portfolio in the U.S. for the purpose of protecting Keith from theft of Keith's designs in the U.S. market.

20.     Cargo Floor B.V. and/or "Cargo" entities created by de Raad and Nÿhof have copied and used certain Keith designs in Europe.

21.     Commencing with the Cargo Floor shipment to Innovative Trailers, Cargo Floor B.V. and/or MagniDrive B.V. are now importing, making, using, selling, or offering to sell,

reciprocating conveyors or parts for reciprocating conveyors that use designs by Keith and infringe certain Keith patents.  Cargo Floor B.V. and/or MagniDrive B.V. are offering to sell, selling, or importing into the United States components or parts of Keith's patented inventions that are contributing to the infringement of Keith patents by others.  Cargo Floor B.V. and/or MagniDrive B.V. are also inducing infringement of Keith's patents by others.

22.     Cargo Floor B.V. and/or MagniDrive B.V. are now selling or causing the use of drive units for reciprocating conveyors that use Keith's "nut bar" design and "M-series" frame design in violation of Keith's U.S. Patent Nos. 6,000,530 and 7,028,832, respectively.

23.     Cargo Floor B.V. and/or MagniDrive B.V. are responsible for the sale, installation, and use of certain component parts that relate to conveyor slats for reciprocating conveyors, as shown below:



24.     The component parts use certain pressure seal and floor extrusion designs patented by Keith under U.S. Patent Nos. 5,850,905; 6,019,215; and 8,006,828; respectively.

FIRST AMENDED COMPLAINT FOR PATENT
AND TRADEMARK INFRINGEMENT - 4

25.     In 1997, Cargo Handling Systems B.V. filed an application with the United States Patent and Trademark Office ("USPTO") requesting registration of the trademark "Cargo Floor" in the United States.  Cargo Handling Systems B.V. requested the registration under 15 U.S.C. § 1126(e) (or § 44(e) of the Lanham Act).

26.     The USPTO granted the trademark registration to Cargo Handling Systems B.V. in 1999 (U.S Trademark Registration No. 2,245,626 or "the U.S. '626 trademark registration"). The trademark registration granted to Cargo Handling Systems B.V. created a right to use the trademark "Cargo Floor" in the United States at that point in time.

27.     15 U.S.C. § 1126(e) was created by treaty to harmonize United States trademark rules with other countries.  It provides a limited mechanism that favors foreign entities, in that the statute allows foreign entities to register and obtain trademarks in the United States without a requirement for actual use of the trademark in the United States.  In contrast, United States citizens and companies are not allowed to acquire trademark rights unless they can show actual use of the trademark in United States commerce.

28.     Although the USPTO will grant trademark rights to foreign entities under § 1126(e) without a showing of actual trademark use, the USPTO nevertheless automatically cancels foreign-owned trademark registrations, as abandoned, if the foreign trademark owner later fails to show actual use.

29.     In 2004, Mr. Nÿhof executed an assignment of the U.S. '626 registration to Cargo Floor B.V. in The Netherlands.

30.     However, in 2006, the USPTO automatically cancelled the U.S. '626 trademark registration because no one (Cargo Handling Systems B.V., Cargo Floor B.V., or any other entity) showed trademark use in the United States.  By that time, whatever Cargo entity owned or controlled the trademark had abandoned all United States trademark rights to the "Cargo Floor" trademark.

31.     One year earlier, in June 2005, Cargo Floor, B.V. independently filed for a "redo" or new trademark registration for "Cargo Floor" in the United States, alleging that it had a "bona fide intent" to put the trademark into use in the United States.

32.     Finding no conflict with prior trademark registrations in the United States, in May 2006, the USPTO notified Cargo Floor B.V. that the USPTO would allow the "redo" and grant a new trademark registration.  However, the USPTO notified Cargo Floor B.V. that it was required to make a showing of actual trademark use in United States commerce within six (6) months of May 23, 2006.  At the same time, the USPTO informed Cargo Floor B.V. that it would be allowed to file a total of five (5) six-month extension requests, if needed, giving Cargo Floor B.V. a window of three (3) years to actually make sales of goods and use the "Cargo Floor" trademark in the United States.

33.     Cargo Floor B.V. then failed to put the "Cargo Floor" trademark into use in timely fashion.  Therefore, on August 30, 2006, Cargo Floor B.V asked the USPTO for a first extension of time to use the trademark in the United States.  At that time, Cargo Floor B.V. declared "the applicant has a continued bona fide intention to use or use through the applicant's related company or licensee the mark in commerce…."  Mr. Nicolaas Marc Mater made the declaration of continuing intent, acting as Vice-Executive Officer of Cargo Floor B.V.

34.     Cargo Floor B.V. then failed again to put the "Cargo Floor" trademark into use. As a result, on May 23, 2007, Cargo Floor B.V asked the USPTO for a second extension of time, once again declaring "the applicant has a continued bona fide intention to use or use through the applicant's related company or licensee the mark in commerce…."  Nicolaas Marc Mater also made the declaration of continuing intent in the second extension request.

35.     Following two requests for more time, Cargo Floor B.V. again failed to put the "Cargo Floor" trademark into use.  Therefore, on November 12, 2007, Cargo Floor B.V asked for a third extension, declaring that it was making an ongoing effort of "business and distribution activities" to use the "Cargo Floor" trademark in the United States.  Mr. G. Leo Kooy, an

attorney in The Netherlands, made the declaration that spoke to Cargo Floor B.V.'s continuing intent and purported activities.

36.      Cargo Floor B.V. then failed again to put the "Cargo Floor" trademark into use. On May 23, 2008, Cargo Floor B.V asked for yet another extension of time, declaring that it was still making an ongoing effort of "business and distribution activities" to use the trademark.  Mr. John C. Motley, an attorney in the United States, made the declaration concerning intent and purported activities.

37.      Over the course of approximately two and a half (2.5) years, and after making multiple representations about intent to use and requesting four extensions of time to put the trademark into use, Cargo Floor B.V. failed to use the "Cargo Floor" trademark in the United States.  Cargo Floor B.V. then stopped asking the USPTO for more time.

38.      On December 29, 2008, the USPTO notified Cargo Floor B.V. that Cargo Floor B.V. had abandoned its attempt at a "redo."

39.      On December 29, 2008, the USPTO also notified Cargo Floor B.V. that, "The trademark application identified below [for the trademark CARGO FLOOR] was abandoned because the applicant failed to file for a statement of use or an extension of time."

40.      On December 29, 2008, the USPTO also notified Cargo Floor as follows: "If the delay in filing a response was unintentional, you may file a petition to revive the application with a fee."

41.      Cargo Floor B.V. did not notify the USPTO that its abandonment of the "Cargo Floor" trademark in the United States was unintentional.

42.      Cargo Floor B.V. did not file a petition in the USPTO claiming that its abandonment of the trademark "Cargo Floor" in the United States was unintentional.

43.       With the exception of the Cargo Floor shipment to Innovative Trailers, Cargo Floor B.V. did not use "Cargo Floor" as a trademark on products sold in the United States in the years 2008-2012 following the USPTO's notice to Cargo Floor B.V. that it had abandoned United States trademark rights.  During that time span, and continuing to the present time, Cargo

FIRST AMENDED COMPLAINT FOR PATENT
AND TRADEMARK INFRINGEMENT - 7

Floor B.V. has posted many videos of its products on Internet media (*e.g.,* YouTube), all of which show business operations in The Netherlands or Europe.  Cargo Floor B.V.'s publicly available Internet advertising does not indicate Cargo Floor B.V. has ever made a sale in the United States.  Cargo Floor B.V.'s sales brochure does not indicate that it has an office in the United States or any sales representatives located in the United States.

44.     As a consequence of the above factors, in December 2012, Keith filed an application in the USPTO to register and obtain the right to use the trademark "Cargo Floor" in the United States, subject first to approval and allowance by the USPTO that there are or were no conflicts with the rights of any prior user.

45.     In a letter dated April 12, 2013, the USPTO initially notified Keith that the USPTO determined there were no prior registration rights that would bar Keith from acquiring the right to use the "Cargo Floor" trademark in the United States.

46.     On November 13, 2013, the USPTO issued a public notice that Keith was seeking to acquire the "Cargo Floor" trademark right in the United States.  The USPTO's public notice stated, in pertinent part, that "Any party who believes they will be damaged by [Keith's] registration of the mark may oppose its registration by filing an opposition to registration or a request to extend the time to oppose within thirty (30) days from the publication date on this notice.  If no opposition is filed within the time specified by law, the USPTO may issue a Notice of Allowance."

47.     Having received no opposition, on January 28, 2014, the USPTO notified Keith that Keith would be granted the trademark right, if Keith proceeded to put the trademark into use in United States commerce.  Keith later met the USPTO's requirements for use.  The USPTO then issued the following United States certificate of trademark registration to Keith on January 6, 2015 (attached as Ex. A.):



## CARGO FLOOR

Reg. No. 4,668,081
Registered Jan. 6, 2015
Int. Cl.: 7

TRADEMARK
PRINCIPAL REGISTER

KEITH MANUFACTURING CO. (OREGON CORPORATION)
P.O. BOX 1
MADRAS, OR 97741

FOR: HYDRAULIC MOTOR AND CHAIN RAIL KITS COMPRISED OF HYDRAULIC MOTORS
AND CHAINS AND CHAIN RAILS FOR MATERIAL HANDLING CONVEYORS, IN CLASS
7 (U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 10-30-2014; IN COMMERCE 10-30-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CARGO", APART FROM THE
MARK AS SHOWN.

SN 85-808,414, FILED 12-20-2012.

ELLEN PERKINS, EXAMINING ATTORNEY



Michelle K. Lee
Deputy Director of the United States
Patent and Trademark Office

### III. FIRST CLAIM FOR RELIEF
(§ 32 of the Lanham Act)

48.     Keith realleges and incorporates the allegations in all previous paragraphs set forth above, as if fully set forth herein.

49.     Pursuant to statute, 15 U.S.C. § 1057(c), Keith's U.S. Trademark Registration No. 4,668,081, grants Keith the senior right to use the trademark "Cargo Floor" in the United States, effective as of December 12, 2012, as against any prior user of the same trademark who did not abandon it.

50.     The Cargo Floor shipment to Innovative Trailers in Texas is believed to have occurred approximately two years after December 12, 2012.

51.     The Cargo Floor shipment to Innovative Trailers is believed to be a sale by Cargo Floor B.V. of a competing product bearing the "Cargo Floor" trademark into Texas.  Without Keith's consent, Cargo Floor B.V. and/or MagniDrive B.V. used a colorable imitation of Keith's registered trademark, "Cargo Floor," in connection with the sale or distribution of goods in a manner likely to cause confusion, mistake, or to deceive.

52.     Cargo Floor B.V. and/or MagniDrive B.V. have engaged in conduct that is in violation of 15 U.S.C. § 1114 (§ 32 of the Lanham Act).

## IV. <u>SECOND CLAIM FOR RELIEF</u>
### (§ 43(a) of the Lanham Act)

53.     Keith realleges and incorporates the allegations in all previous paragraphs set forth above, as if fully set forth herein.

54.     Cargo Floor B.V. and/or MagniDrive B.V. used or are using words, terms, names, or combinations thereof, that are likely to be confused with Keith's "Cargo Floor" trademark and likely to mislead or confuse purchasers of Keith's products.

55.     Cargo Floor B.V. and/or MagniDrive B.V. have engaged in conduct that constitutes making a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, mistake, or to deceive as to the connection between Cargo Floor B.V and/or MagniDrive B.V.'s products and Keith's products.

56.     Cargo Floor B.V. and/or MagniDrive B.V. have also engaged in commercial advertising or promotion that misrepresents the nature, characteristics, qualities, or geographic origin of their goods, services, or commercial activities.

57.     Cargo Floor B.V. and/or MagniDrive B.V. have engaged in conduct that is in violation of 15 U.S.C. § 1125 (§ 43 of the Lanham Act).

## V. <u>THIRD CLAIM FOR RELIEF</u>
### (Infringement of '530 patent)

58.     Keith realleges and incorporates the allegations in all previous paragraphs set forth above, as if fully set forth herein.

59.     Cargo Floor B.V. and/or MagniDrive B.V. are infringing at least claims 1, 15, and 29 of U.S. Patent No. 6,000,530 ("the '530 patent"), if not other claims of the '530 patent.  The '530 patent covers Keith's "nut bar" design invented by Keith's founder, Raymond Keith Foster.  The '530 patent is owned by Keith.

## VI. FOURTH CLAIM FOR RELIEF
(Infringement of '832 patent)

60.     Keith realleges and incorporates the allegations in all previous paragraphs set forth above, as if fully set forth herein.

61.     Cargo Floor B.V. and/or MagniDrive B.V. are infringing at least claims 1 and 13 of U.S. Patent No. 7,028,832 ("the '832 patent"), if not other claims of the '832 patent.  The '832 patent covers Keith's "M-series" design invented by Keith's founder, Raymond Keith Foster, and other Keith employees.  The '832 patent is owned by Keith.

## VII. FIFTH CLAIM FOR RELIEF
(Infringement of '828 patent)

62.     Keith realleges and incorporates the allegations in all previous paragraphs set forth above, as if fully set forth herein.

63.     Cargo Floor B.V. and/or MagniDrive B.V. are infringing at least claims 1, 3 and 4 of U.S. Patent No. 8,006,828 ("the '828 patent"), if not other claims of the '828 patent.  The '828 patent covers Keith's "extruded floor slat" design invented by Keith employees.  The '828 patent is owned by Keith.

## VIII. SIXTH CLAIM FOR RELIEF
(Infringement of '215 patent)

64.     Keith realleges and incorporates the allegations in all previous paragraphs set forth above, as if fully set forth herein.

65.     Cargo Floor B.V. and/or MagniDrive B.V. are infringing at least claim 1 of U.S. Patent No. 6,019,215 ("the '215 patent"), if not other claims of the '215 patent.  The '215 patent covers Keith's "pressure seal" design invented by Keith's founder, Raymond Keith Foster.  The '215 patent is owned by Keith.

## IX. SEVENTH CLAIM FOR RELIEF
(Infringement of '905 patent)

66.     Keith realleges and incorporates the allegations in all previous paragraphs set forth above, as if fully set forth herein.

67.     Cargo Floor B.V. and/or MagniDrive B.V. are infringing at least claim 1 of U.S. Patent No. 5,850,905 ("the '905 patent"), if not other claims of the '905 patent.  The '905 patent relates to Keith's "pressure seal" design invented by Keith's founder, Raymond Keith Foster.  The '905 patent is owned by Keith.

PRAYER FOR RELIEF

WHEREFORE, Keith requests the following relief:

a.      That Cargo Floor B.V. and MagniDrive B.V., and those acting in concert with these defendants, be found to have engaged in acts of trademark infringement and unfair competition in violation of 15 U.S.C. §§ 1114 and 1125 and required to compensate Keith for all damage caused and pay Keith all of Cargo Floor B.V. and MagniDrive B.V.'s profits and financial benefits attributable to violations of these statutes;

b.      That Cargo Floor B.V. and MagniDrive B.V., and those acting in concert with these defendants, be permanently enjoined from further violation of 15 U.S.C. §§ 1114 and 1125, including but not limited to an injunction barring Cargo Floor B.V. and MagniDrive B.V. from using the trademark "Cargo Floor" in the United States, using any symbol that indicates Cargo Floor B.V. or MagniDrive B.V. owns the trademark in the United States, or making any misrepresentations of fact to customers;

c.      That Cargo Floor B.V. and MagniDrive B.V., and those acting in concert with these defendants, be required to discontinue further importation and offer up and destroy all goods imported, made, or sold in the United States that bear the "Cargo Floor" trademark;

d.      That Cargo Floor B.V. and MagniDrive B.V., and those acting in concert with these defendants, be required to disgorge all financial benefits resulting from violation of 15 U.S.C. §§ 1114 and 1125;

e.      That Cargo Floor B.V. and MagniDrive B.V., and those acting in concert with these defendants, be permanently enjoined from infringing U.S. patent numbers 6,000,530;

7,028,832; 5,850,905; 6,019,215; and 8,006,828, pursuant to 35 U.S.C. § 283, including but not limited to an injunction barring the further importation and/or use of infringing products in the United States;

      f.      That Cargo Floor B.V. and/or  MagniDrive B.V., and those acting in concert with these defendants, be ordered to pay Keith damages adequate to compensate Keith, pursuant to 35 U.S.C. § 284, in an amount to be proven at trial, but in any event no less than a reasonable royalty for infringing Keith's patents in any way;

      g.      That Cargo Floor B.V. and MagniDrive B.V., and those acting in concert with these defendants, be ordered to pay to Keith all applicable costs, prejudgment and post judgment interest on all damages proven by Keith at trial, pursuant to 35 U.S.C. § 284;

      h.      That Cargo Floor B.V. and MagniDrive B.V., and those acting in concert with these defendants, be found to have engaged in willful acts of patent infringement and required to pay Keith an increased damages award of three (3) times the amount proven by Keith at trial, pursuant to 35 U.S.C. § 284;

      i.      That Cargo Floor B.V. and MagniDrive B.V.,  and those acting in concert with these defendants, be found to have engaged in willful acts of infringement and required to pay Keith's attorney's fees pursuant to 35 U.S.C. § 285;

      j.      That Keith be entitled to an award of attorney's fees and costs and any additional damages or relief that may not be specifically stated above but are nevertheless permitted for violation of the statutes and laws pleaded herein; and

      k.      That Keith be entitled to such further relief as the Court deems just and proper.

//

//

DATED this 11th day of June, 2015.

  /s/   John R. Mercy
John R. Mercy
MERCY CARTER TIDWELL, L.L.P.
Texas Bar No. 13947200
1724 Galleria Oaks Drive
Texarkana. TX 75503
Telephone: (903) 794-9419
Facsimile:  (903) 794-1268

Gordon W. Stewart
Stewart Law Offices
Oregon Bar No. 743156
Hawaii Bar No.  8101
P.O. Box 791980
Paia, HI 96779
Attorney for Plaintiff
*(pro hac vice pending)*

Bruce A. Kaser
Vantage Law PLLC
Washington Bar No. 13532
420 Front Street South
Issaquah, WA 98027
Telephone: (425) 391-8741
Facsimile:  (425) 391-8754
Attorney for Plaintiff
*(pro hac vice pending)*

ATTORNEYS FOR PLAINTIFF