**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| KEITH MANUFACTURING CO.,<br><br>*Plaintiff*,<br><br>-v-<br><br>CARGO FLOOR B.V. and MAGNIDRIVE B.V.,<br><br>*Defendants*. | Civil Action No.: 5:15-cv-00009-JRG |

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, COUNTERCLAIMS AND DEMAND FOR TRIAL BY JURY**

Pursuant to Fed.R.Civ.P. 8, Defendants Cargo Floor B.V. and MagniDrive B.V. ("Defendants"), by and through their undersigned counsel, as and for their Answer to Plaintiff Keith Manufacturing Co.'s Second Amended Complaint ("Keith"), respond and state as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 1 of the Second Amended Complaint, and therefore deny the same.

2.      Defendants admit the allegations of ¶ 2 of the Second Amended Complaint, but lack knowledge and information sufficient to form a belief as to the business of Keith and therefore deny the same.

3.      Defendants admit the allegation of ¶ 3 of the Second Amended Complaint.

4.      Defendants admit the bulk of Cargo Floor B.V.'s operations are in Europe, but Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in ¶ 4 as the time frame is insufficiently defined, and therefore deny same.

5.      Defendants admit the allegation of ¶ 5 of the Second Amended Complaint.

6.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 6 of the Second Amended Complaint, and therefore deny the same.

7.      Defendants admit that Cargo Floor B.V. supplied products to German Pellets GMBH in Europe.  Defendants otherwise lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in ¶ 7 of the Second Amended Complaint, and therefore deny the same.

8.      Defendants deny the allegations of ¶ 8 of the Second Amended Complaint.

9.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 9 of the Second Amended Complaint, and therefore deny the same.

10.     Paragraph  10 of the Second Amended Complaint sets forth a legal conclusion that is not an allegation of fact and does not require a response.  To the extent a response is required, Defendants deny the allegation set forth in ¶ 10 of the Second Amended Complaint.

11.     Defendants deny the allegations of ¶ 11 of the Second Amended Complaint.

12.     Plaintiff's allegations contained in ¶ 12 of the Second Amended Complaint are legal conclusions to which no answer is required or made.

13.     Defendants deny that they have committed acts of infringement as alleged in ¶ 13 of the Second Amended Complaint.  Plaintiff's jurisdictional allegations contained in ¶ 13 of the Second Amended Complaint are legal conclusions to which no answer is required or made.

14.     Plaintiff's allegations contained in ¶ 14 of the Second Amended Complaint are legal conclusions to which no answer is required or made.

## FACTS

15.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 15 of the Second Amended Complaint, and therefore deny the same.

16.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation in ¶ 16 of the Second Amended Complaint, and therefore deny the same.

17.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation in ¶ 17 of the Second Amended Complaint, and therefore deny the same.

18.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation in ¶ 18 of the Second Amended Complaint, and therefore deny the same.

19.     Defendants admit the allegations of ¶ 19 of the Second Amended Complaint, but lack knowledge or information sufficient to form a belief as to the employees founding a competing company and therefore deny the same.

20.     Defendants admit the allegation of ¶ 20 of the Second Amended Complaint.

21.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation in ¶ 21 of the Second Amended Complaint, and therefore deny the same.

22.     Paragraph 22 of the Second Amended Complaint sets forth a legal conclusion that is not an allegation of fact and does not require a response.  To the extent a response is required, Defendants deny the allegation set forth in ¶ 22 of the Second Amended Complaint.

23.     Paragraph 23 of the Second Amended Complaint sets forth a legal conclusion that is not an allegation of fact and does not require a response.  To the extent a response is required, Defendants deny the allegation set forth in ¶ 23 of the Second Amended Complaint.

24.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation in ¶ 24 of the Second Amended Complaint, and therefore deny the same.

25.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation in ¶ 25 of the Second Amended Complaint, and therefore deny the same.

26.     Defendants deny the allegation set forth in ¶ 26 of the Second Amended Complaint.

27.     Defendants deny the allegations of ¶ 27 of the Second Amended Complaint..

28.     Defendants deny the allegations of ¶ 28 of the Second Amended Complaint.

29.     Defendants deny the allegations of ¶ 29 of the Second Amended Complaint.

30.     Defendants deny the allegations of ¶ 30 of the Second Amended Complaint.

31.     Defendants admit the allegations of ¶ 31 of the Second Amended Complaint.

32.     Defendants admit the allegations of ¶ 32 of the Second Amended Complaint.

33.     Plaintiff's allegations contained in ¶ 33 of the Second Amended Complaint are legal conclusions to which no answer is required or made.

34.     Plaintiff's allegations contained in ¶ 34 of the Second Amended Complaint are legal conclusions to which no answer is required or made.

35.     Defendants admit the allegation of ¶ 35 of the Second Amended Complaint.

36.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 36 of the Second Amended Complaint, and therefore deny the same.

37.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation in ¶ 37 of the Second Amended Complaint, and therefore deny the same. Further, any communications with the U.S. Patent and Trademark Office (PTO) speak for themselves.

38.     Paragraph 38 of the Second Amended Complaint sets forth a legal conclusion that is not an allegation of fact and does not require a response.  To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 38 of the Second Amended Complaint, and therefore deny the same. Further, any communications with the PTO speak for themselves.

39.     Paragraph 39 of the Second Amended Complaint sets forth a legal conclusion that is not an allegation of fact and does not require a response.  To the extent a response is required,

Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 39 of the Second Amended Complaint, and therefore deny the same. Further, any communications with the PTO speak for themselves.

40.     Paragraph 40 of the Second Amended Complaint sets forth a legal conclusion that is not an allegation of fact and does not require a response.  To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 40 of the Second Amended Complaint, and therefore deny the same.  Further, any communications with the PTO speak for themselves.

41.     Paragraph 41 of the Second Amended Complaint sets forth a legal conclusion that is not an allegation of fact and does not require a response.  To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 41 of the Second Amended Complaint, and therefore deny the same. Further, any communications with the PTO speak for themselves.

42.     Paragraph 42 of the Second Amended Complaint sets forth a legal conclusion that is not an allegation of fact and does not require a response.  To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 42 of the Second Amended Complaint, and therefore deny the same. Further, any communications with the PTO speak for themselves.

43.     Defendants deny the allegations of ¶ 43 of the Second Amended Complaint. Further, any communications with the PTO speak for themselves.

44.     Defendants deny the allegations of ¶ 44 of the Second Amended Complaint. Further, any communications with the PTO speak for themselves.

45.     Defendants deny the allegations of ¶ 45 of the Second Amended Complaint. Further, any communications with the PTO speak for themselves.

46.     Defendants deny the allegations of ¶ 46 of the Second Amended Complaint. Further, any communications with the PTO speak for themselves.

47.     Defendants deny the allegations of ¶ 47 of the Second Amended Complaint. Further, any communications with the PTO speak for themselves.

48.     Cargo Floor admits that it did not file a petition in the PTO as alleged in ¶ 48 of the Second Amended Complaint. Further, any communications with the PTO speak for themselves.

49.     Defendants admit the allegations of ¶ 49 of the Second Amended Complaint.

50.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 50 of the Second Amended Complaint, and therefore deny the same.

51.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation in ¶ 51 of the Second Amended Complaint, and therefore deny the same. Further, any communications with the PTO speak for themselves.

52.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 52 of the Second Amended Complaint, and therefore deny the same. Further, any communications with the PTO speak for themselves.

53.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 53 of the Second Amended Complaint, and therefore deny the same. Further, any communications with the PTO and Exhibit A speak for themselves.

### FIRST CLAIM FOR RELIEF
#### (§ 32 of the Lanham Act)

54.     Defendants reallege and incorporate their responses to ¶¶ 1-54 of the Second Amended Complaint as set forth herein.

55.     Plaintiff's allegations contained in ¶ 55 of the Second Amended Complaint are legal conclusions to which no answer is required or made.

56.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation in ¶ 56 of the Second Amended Complaint, and therefore deny the same.

57.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 57 of the Second Amended Complaint, and therefore deny the same.

58.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation in ¶ 58 of the Second Amended Complaint, and therefore deny the same.

## SECOND CLAIM FOR RELIEF
### (§ 43(a) of the Lanham Act)

59.     Defendants reallege and incorporate each of their responses to ¶¶ 1-58 of the Second Amended Complaint as set forth herein.

60.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 60 of the Second Amended Complaint, and therefore deny the same.

61.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 61 of the Second Amended Complaint, and therefore deny the same.

62.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 62 of the Second Amended Complaint, and therefore deny the same.

63.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation in ¶ 63 of the Second Amended Complaint, and therefore deny the same.

## THIRD CLAIM FOR RELIEF
### (Infringement of '530 patent)

64.     Defendants reallege and incorporate each of their responses to ¶¶ 1-63 of the Second Amended Complaint as set forth herein.

65.     Defendants admit that Plaintiff's Second Amended Complaint purports to be an action for patent infringement arising under 35 U.S.C. § 271 *et seq.* but denies that Defendants infringe any valid claims of the '530 Patent.

## FOURTH CLAIM FOR RELIEF
### (Infringement of '832 patent)

66.     Defendants reallege and incorporate each of their responses to ¶¶ 1-65 of the Second Amended Complaint as set forth herein.

67.     Defendants admit that Plaintiff's Second Amended Complaint purports to be an action for patent infringement arising under 35 U.S.C. § 271 *et seq.* but denies that Defendants infringe any valid claims of the '832 Patent.

## FIFTH CLAIM FOR RELIEF
### (Infringement of '828 patent)

68.     Defendants reallege and incorporate each of their responses to ¶¶ 1-67 of the Second Amended Complaint as set forth herein.

69.     Defendants admit that Plaintiff's Second Amended Complaint purports to be an action for patent infringement arising under 35 U.S.C. § 271 *et seq*. but denies that Defendants infringe any valid claims of the '828 Patent.

## SIXTH CLAIM FOR RELIEF
### (Infringement of '215 patent)

70.     Defendants reallege and incorporate each of their responses to ¶¶ 1-69 of the Second Amended Complaint as set forth herein.

71.     Defendants admit that Plaintiff's Second Amended Complaint purports to be an action for patent infringement arising under 35 U.S.C. § 271 *et seq*. but denies that Defendants infringe any valid claims of the '215 Patent.

## SEVENTH CLAIM FOR RELIEF
### (Infringement of '905 patent)

72.     Defendants reallege and incorporate each of their responses to ¶¶ 1-71 of the Second Amended Complaint as set forth herein.

73.     Defendants admit that Plaintiff's Second Amended Complaint purports to be an action for patent infringement arising under 35 U.S.C. § 271 *et seq.* but denies that Defendants infringe any valid claims of the '905 Patent.

## ANSWER TO PRAYER FOR RELIEF

Defendants, Cargo Floor B.V. and MagniDrive B.V., deny that Plaintiff Keith Manufacturing Co. is entitled to the judgment and relief prayed for in its Prayer for Relief.

## GENERAL DENIAL

Defendants deny each and every factual allegation in the Complaint that is not specifically admitted or otherwise addressed in the preceding paragraphs and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses, Defendants hereby allege as follows:

### First Affirmative Defense

Keith's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Keith is not entitled to the relief requested in the Complaint, in whole or in part, by virtue of the doctrine of estoppel.

### Third Affirmative Defense

Keith is not entitled to the relief requested in the Complaint, in whole or in part, by virtue of the doctrine of waiver.

<u>Fourth Affirmative Defense</u>

Keith is not entitled to the relief requested in the Complaint, in whole or in part, by virtue of the doctrine of acquiescence and/or laches.

<u>Fifth Affirmative Defense</u>

Keith is not entitled to any of the relief requested in the Complaint because it sustained no injury or damages.

<u>Sixth Affirmative Defense</u>

Keith is not entitled to any relief because it comes to court with unclean hands.

<u>Seventh Affirmative Defense</u>

Keith is not entitled to any relief because it failed to comply with the marking statutes.

<u>Eighth Affirmative Defense</u>

Cargo Floor B.V. owns and has valid rights in the mark CARGO FLOOR worldwide.

<u>Ninth Affirmative Defense</u>

Defendants do not infringe and have not infringed, either directly, or indirectly, contributorily, or by inducement, any claim of the asserted patents-in-suit either literally or under the doctrine of equivalents, willfully or otherwise.

<u>Tenth Affirmative Defense</u>

Defendants are not liable to Keith for the acts alleged to have been performed before Defendants received actual notice that it was allegedly infringing the asserted patents-in-suit or trademark registration.

<u>Eleventh Affirmative Defense</u>

Keith's claims for infringement of the asserted patents are barred, in whole or in part, because the claims of the patent are invalid for failure to comply with the requirements of Title 35 of the United State Code, including 35 U.S.C. §§ 101, 102, 103, and/or  112.

<u>Twelfth Affirmative Defense</u>

Keith is barred in whole or in part from recovering damages under 35 U.S.C. § 287.

<u>Thirteenth Affirmative Defense</u>

By virtue of amendments, arguments and/or admissions made by and/or on behalf of the alleged inventor(s) asked by owners of the parties in suit, Keith is barred by the doctrine of prosecution history estoppel from asserting infringement in this action, either under the doctrine of equivalents or otherwise.

<u>Fourteenth Affirmative Defense</u>

Defendants hereby give notice that they intend to rely on such other and further defenses as may become available or apparent during discovery in this case, and they hereby reserve the right to amend their Answer to assert any such defenses.

**COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 8, Defendants/Counterclaim Defendants Cargo Floor B.V. and MagniDrive B.V. ("Defendants"), by and through their undersigned counsel, as and for their Counterclaims against Plaintiff/Counterclaim Defendant Keith Manufacturing Co. ("Keith"), respond and state as follows:

**Parties**

1.      Cargo Floor B.V. is a Netherlands corporation, with its principal place of business in Coevorden, The Netherlands.  Cargo Floor B.V. is in the business of selling and supplying conveyor systems and parts that are built into the floors of truck trailers.

2.      MagniDrive B.V. is a Netherlands corporation, with its principal place of business in Coevorden, The Netherlands. MagniDrive B.V. is in the business of selling and supplying conveyor systems and parts that are built into the floors of truck trailers.

3.      Keith is an Oregon state corporation, with its principal place of business in Madras, Oregon. Keith is in the business of selling and supplying conveyor systems and parts throughout the United States, including conveyor systems and parts that are designed to be built into the floor of a truck trailer.

## Jurisdiction and Venue

4.      The Court has jurisdiction over Defendants' Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201 and 2202.   Specifically, these counterclaims are brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and arises under the Trademark and Patent Laws of the United States.

5.      The Court has personal jurisdiction over Keith because Keith has submitted to jurisdiction of this Court by filing this lawsuit in this Court.

6.      To the extent that this action remains in this District, venue is proper, pursuant to at least 28 U.S.C. §§ 1391 and 1400(b), by virtue of Keith having filed this lawsuit in this judicial district.

## Facts Common to All Counts

7.      Cargo Floor B.V., MagniDrive B.V., and Keith Manufacturing Co. are all in the business of selling and supplying conveyor systems and parts that are built into the floors of truck trailers.

8.      The patents-in-suit and products accused of infringing same in this action all comprise and concern technology utilizing conveyor systems and parts that are built into the floors of truck trailers.

9.      Defendant Cargo Floor B.V. has long been known in the industry in which the parties compete by its trade name CARGO FLOOR and Keith federally registered the mark

CARGO FLOOR with full knowledge that consumers recognize the term CARGO FLOOR as a source identifier for Defendant Cargo Floor B.V. and as a trade name.

10.     Upon information and belief, Keith federally registered the mark CARGO FLOOR in order to prevent Defendant Cargo Floor B.V. from perfecting its rights in the mark CARGO FLOOR and its trade name.

11.     Upon information and belief, Keith federally registered the mark CARGO FLOOR in order to trade off of the goodwill that Defendant Cargo Floor B.V. acquired in the name and mark CARGO FLOOR.

### FIRST COUNTERCLAIM FOR RELIEF
**Declaration of Non-Infringement of U.S. Trademark Registration No. 4,668,081 (as well as any claim made under the Lanham Act, 15 U.S.C. § 1051 *et seq.*)**

12.     Defendants incorporate every preceding paragraph as if fully set forth herein.

13.     An actual and justiciable controversy of sufficient immediacy and reality exists between Keith and Defendants with respect to U.S. Trademark Registration No. 4,668,081 ("the '081 Registration").  Specifically, Defendants have not directly infringed any valid rights of Keith to the name and mark CARGO FLOOR, have not induced infringement of any valid trademark rights of Keith, and have not committed acts constituting indirect or contributory infringement of any valid trademark rights of Keith.

14.     A judicial declaration that Defendants' activities and products have not resulted in infringement of any valid rights of Keith to the name and mark CARGO FLOOR is necessary and appropriate.  Defendants are further entitled to a declaratory judgment from this Court that Defendants' distribution and sale of products bearing the mark CARGO FLOOR does not infringe upon the alleged trademark rights asserted by Keith or otherwise allegedly held by Keith in the mark CARGO FLOOR under the Lanham Act, or any state or common law concerning trademark infringement, unfair competition, false advertising, or the like.

## SECOND COUNTERCLAIM FOR RELIEF
### Declaration of Invalidity of U.S. Trademark Registration No. 4,668,081

15.     Defendants incorporate by reference each and every preceding paragraph as if fully set forth herein.

16.     A justiciable issue exists between the parties as the use of the term CARGO FLOOR by Defendants is the subject of a claim for infringement by Keith.

17.     Defendant Cargo Floor B.V., by virtue of commercial use of the term CARGO FLOOR, has trademark rights to the name and mark superior to Keith.

18.      Defendant Cargo Floor B.V. has long been known in the industry in which the parties compete by its trade name CARGO FLOOR such that consumers do not recognize the term CARGO FLOOR as a source identifier for Keith, regardless of the federal registration issued to Keith.

19.     Defendants assert that Keith's federal registration of the mark CARGO FLOOR is unlawful and invalid because, *inter alia,* Keith had not made *bona fide* commercial use of the mark prior to filing suit for trademark infringement.

20.     Defendants assert that the federal registration of the mark CARGO FLOOR is unlawful and invalid because, *inter alia,* Defendant has the superior claim to the mark CARGO FLOOR based on prior use.

21.     Defendants assert that the federal registration of the mark CARGO FLOOR is unlawful and invalid because Keith was aware that the mark is well-known in the trade as a source identifier for Defendant Cargo Floor B.V.'s goods and services, and the name of Cargo Floor, and further that Keith did not contribute to the fame and notoriety associated with the name, but merely seeks to unlawfully take commercial advantage of it to the unjust and inequitable exclusion of Defendant Cargo Floor B.V.

22.     On information and belief, there has been no actual confusion among consumers in the United States between any products or services sold by Defendants on the one hand and any products or services sold by Keith on the other hand.

23.     Any actual confusion among consumers based on the mark CARGO FLOOR would be due to Keith's registration and use in the United States of a mark it knew, prior to adoption and registration, was the trade name of Defendant Cargo Floor B.V. worldwide.

24.     The term CARGO FLOOR has become known in the industry in which the parties compete for Defendant Cargo Floor B.V. such that consumers do not recognize it as a source identifier for Keith.

25.     There is no likelihood of confusion, mistake, or deception among consumers as to whether Defendants and/or their products are associated with, sponsored by, connected to, or affiliated with Keith or any products licensed by Keith.

26.     This is an exceptional case entitling Defendants to an award of attorneys' fees incurred in connection with this action pursuant to 15 U.S.C. § 1117.

27.     A judicial declaration that Defendant Cargo Floor B.V. owns trademark rights and name rights to the mark CARGO FLOOR that are superior to Keith is necessary and appropriate. Defendant Cargo Floor B.V. is further entitled to a declaratory judgment from this Court that Keith's trademark rights and federal registration are invalid under the Lanham Act.

### THIRD COUNTERCLAIM FOR RELIEF
**Cancellation of U.S. Trademark Registration No. 4,668,081**

28.     Defendants incorporate by reference each and every preceding paragraph as if fully set forth herein.

29.     Keith purports to be the owners of U.S. Trademark Reg. No. 4,668,081.

30.     Upon information and belief, 15 U.S.C. § 1052(d) precludes the continued registration of any "mark which so resembles […] a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive […]."

31.     Upon information and belief, the registration is subject to cancellation in whole or in part due to its lack of ability to effectively operate in the marketplace as a valid source indicator of Keith's goods and services.

32.     Upon information and belief, the federal registration of the mark CARGO FLOOR is unlawful and invalid because, *inter alia,* Keith had not made *bona fide* commercial use of the mark.  That is, any use by Keith would constitute token use designed to solely to operate as a basis to secure federal registration of Defendant Cargo Floor B.V.'s trade name CARGO FLOOR in the United States.

33.      Upon information and belief, U.S. Trademark Reg. No. 4,668,081 has not operated as a *bona fide* source identifier for Keith's goods and services to the consuming public since its adoption by Keith.

34.     Upon information and belief, the term CARGO FLOOR primarily and directly denotes the trade name of Defendant Cargo Floor B.V.

35.     Upon information and belief, the mark CARGO FLOOR has not acquired sufficient distinctiveness in the marketplace to entitle it to federal registration by Keith.

36.     Registration No. 4,668,081 is susceptible to cancellation for each of the above-identified identified bases, including, but not limited to, (i) fraudulent registration; (ii) Defendant Cargo Floor B.V.'s prior use; and (iii) its inability to operate as a source identifier for Keith's goods and services.

37.     Defendant Cargo Floor B.V. will be damaged by Registration No. 4,668,081 because Keith has asserted the registration against Defendant Cargo Floor B.V. in the marketplace in connection with goods that purport to compete with Defendants' goods and the distribution and sale thereof.

38.     Defendant Cargo Floor B.V. is entitled to a declaration under 15 U.S.C. §§ 1119 and 1064 as well as 28 U.S.C. §2201 *et seq.* that the '081 Registration is invalid and further directing the Director of the U.S. Patent & Trademark Office to cancel the mark and remove it from the Principal Register.

## FOURTH COUNTERCLAIM FOR RELIEF

### Declaration of Non-Infringement of U.S. Patent No. 6,000,530

39.     Defendants incorporate by reference each and every preceding paragraph as if fully set forth herein.

40.     An actual and justiciable controversy exists between Defendants and Keith with respect to non-infringement of U.S. Patent No. 6,000,530 ("the '530 patent") because Keith has brought this action against Defendants alleging that Defendants infringe one or more claims of a patent owned by Keith, identifying one such infringed patent as the '530 patent, and further alleging that the '530 patent is valid and enforceable, which allegations Defendants deny.

41.     Defendants have not directly infringed any valid claim of the '530 patent, either literally or under the doctrine of equivalents, have not induced infringement of any valid claim of the '530 patent, and has not committed acts constituting indirect or contributory infringement of any valid claim of the '530 patent.

42.     Keith has not alleged that any of Defendants' products include all the elements of any single claim of the invention disclosed in the '530 patent, nor can Keith so allege.

43.     This is an exceptional case entitling Defendants to an award of attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

44.     Absent a declaration of non-infringement, Keith will continue to wrongfully assert the '530 patent against Defendants, and thereby cause Defendants irreparable injury and damage.  Accordingly, a judicial declaration that Defendants' activities and products have not resulted in infringement of any valid claim of the '530 patent is necessary and appropriate. Specifically, Defendants are entitled to a declaration, under 28 U.S.C. § 2201 *et seq.,* that Defendants have not infringed '530 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise.

### FIFTH COUNTERCLAIM FOR RELIEF
### Declaration of Invalidity of U.S. Patent No. 6,000,530

45.     Defendants incorporate by reference each and every preceding paragraph as if fully set forth herein.

46.     An actual and justiciable controversy exists between Defendants and Keith with respect to the validity of U.S. Patent No. 6,000,530 ("the '530 patent") because Keith has brought this action against Defendants alleging, *inter alia*, that the '530 patent is valid and enforceable, which allegations Defendants deny.

47.     Upon information and belief, each and every claim of the '530 patent that Keith avers to have been infringed by Defendants is invalid under one or more provisions of the U.S. Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, or under U.S. case law.

48.     Upon information and belief, the invention disclosed in the '530 patent is not patentable over prior art known and existing since before the inventors alleged conceived and reduced the invention claimed in the '530 patent to practice.

49.     Upon information and belief, prior art was in existence prior to the time that the '530 patent was prosecuted before the USPTO.

50.     Upon information and belief, the '530 patent is unenforceable because Plaintiff, *inter alia*, failed to comply with its duty of disclosure to the USPTO during the prosecution of the '530 patent.

51.     This is an exceptional case entitling Defendants to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

52.     Absent a declaration of invalidity, Keith will continue to wrongfully assert the '530 patent against Defendants, and thereby cause Defendants irreparable injury and damage. Accordingly, a judicial declaration that Defendants' activities and products have not resulted in infringement of any valid claim of the '530 patent is necessary and appropriate.  Specifically, Defendants are entitled to a declaration, under 28 U.S.C. § 2201 *et seq.,* that the '530 patent is invalid and unenforceable under the U.S. patent laws.

**SIXTH COUNTERCLAIM FOR RELIEF**
**Declaration of Non-Infringement of U.S. Patent No. 7,028,832**

53.     Defendants incorporate by reference each and every preceding paragraph as if fully set forth herein.

54.     An actual and justiciable controversy exists between Defendants and Keith with respect to non-infringement of U.S. Patent No. 7,028,832 ("the '832 patent") because Keith has brought this action against Defendants alleging that Defendants infringe one or more claims of a patent owned by Keith, identifying one such infringed patent as the '832 patent, and further alleging that the '832 patent is valid and enforceable, which allegations Defendants deny.

55.     Defendants have not directly infringed any valid claim of the '832 patent, either literally or under the doctrine of equivalents, have not induced infringement of any valid claim of

the '832 patent, and has not committed acts constituting indirect or contributory infringement of any valid claim of the '832 patent.

56.     Keith has not alleged that any of Defendants' products include all the elements of any single claim of the invention disclosed in the '832 patent, nor can Keith so allege.

57.     This is an exceptional case entitling Defendants to an award of attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

58.     Absent a declaration of non-infringement, Keith will continue to wrongfully assert the '832 patent against Defendants, and thereby cause Defendants irreparable injury and damage.  Accordingly, a judicial declaration that Defendants' activities and products have not resulted in infringement of any valid claim of the '832 patent is necessary and appropriate. Specifically, Defendants are entitled to a declaration, under 28 U.S.C. § 2201 *et seq.,* that Defendants have not infringed '832 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise.

**SEVENTH COUNTERCLAIM FOR RELIEF**
**Declaration of Invalidity of U.S. Patent No. 7,028,832**

59.     Defendants incorporate by reference each and every preceding paragraph as if fully set forth herein.

60.     An actual and justiciable controversy exists between Defendants and Keith with respect to the validity of U.S. Patent No. 7,028,832 ("the '832 patent") because Keith has brought this action against Defendants alleging, *inter alia*, that the '832 patent is valid and enforceable, which allegations Defendants deny.

61.     Upon information and belief, each and every claim of the '832 patent that Keith avers to have been infringed by Defendants is invalid under one or more provisions of the U.S.

20

Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, or under U.S. case law.

62.     Upon information and belief, the invention disclosed in the '832 patent is not patentable over prior art known and existing since before the inventors alleged conceived and reduced the invention claimed in the '832 patent to practice.

63.     Upon information and belief, prior art was in existence prior to the time that the '832 patent was prosecuted before the USPTO.

64.     Upon information and belief, the '832 patent is unenforceable because Plaintiff, *inter alia*, failed to comply with its duty of disclosure to the USPTO during the prosecution of the '832 patent.

65.     This is an exceptional case entitling Defendants to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

66.     Absent a declaration of invalidity, Keith will continue to wrongfully assert the '832 patent against Defendants, and thereby cause Defendants irreparable injury and damage. Accordingly, a judicial declaration that Defendants' activities and products have not resulted in infringement of any valid claim of the '832 patent is necessary and appropriate.  Specifically, Defendants are entitled to a declaration, under 28 U.S.C. § 2201 *et seq.,* that the '832 patent is invalid and unenforceable under the U.S. patent laws.

### EIGHTH COUNTERCLAIM FOR RELIEF
### Declaration of Non-Infringement of U.S. Patent No. 8,006,828

67.     Defendants incorporate by reference each and every preceding paragraph as if fully set forth herein.

68.     An actual and justiciable controversy exists between Defendants and Keith with respect to non-infringement of U.S. Patent No. 8,006,828 ("the '828 patent") because Keith has

brought this action against Defendants alleging that Defendants infringe one or more claims of a patent owned by Keith, identifying one such infringed patent as the '828 patent, and further alleging that the '828 patent is valid and enforceable, which allegations Defendants deny.

69.     Defendants have not directly infringed any valid claim of the '828 patent, either literally or under the doctrine of equivalents, have not induced infringement of any valid claim of the '828 patent, and has not committed acts constituting indirect or contributory infringement of any valid claim of the '828 patent.

70.     Keith has not alleged that any of Defendants' products include all the elements of any single claim of the invention disclosed in the '828 patent or any equivalent thereof, nor can Keith so allege.

71.     This is an exceptional case entitling Defendants to an award of attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

72.     Absent a declaration of non-infringement, Keith will continue to wrongfully assert the '828 patent against Defendants, and thereby cause Defendants irreparable injury and damage.  Accordingly, a judicial declaration that Defendants' activities and products have not resulted in infringement of any valid claim of the '828 patent is necessary and appropriate. Specifically, Defendants are entitled to a declaration, under 28 U.S.C. § 2201 *et seq.,* that Defendants have not infringed '828 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise.

## NINTH COUNTERCLAIM FOR RELIEF
### Declaration of Invalidity of U.S. Patent No. 8,006,828

73.     Defendants incorporate by reference each and every preceding paragraph as if fully set forth herein.

74.     An actual and justiciable controversy exists between Defendants and Keith with respect to the validity of U.S. Patent No. 8,006,828 ("the '828 patent") because Keith has brought this action against Defendants alleging, *inter alia*, that the '828 patent is valid and enforceable, which allegations Defendants deny.

75.     Upon information and belief, each and every claim of the '828 patent that Keith avers to have been infringed by Defendants is invalid under one or more provisions of the U.S. Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, or under U.S. case law.

76.     Upon information and belief, the invention disclosed in the '828 patent is not patentable over prior art known and existing since before the inventors alleged conceived and reduced the invention claimed in the '828 patent to practice.

77.     Upon information and belief, prior art was in existence prior to the time that the '828 patent was prosecuted before the USPTO.

78.     Upon information and belief, the '828 patent is unenforceable because Plaintiff, *inter alia*, failed to comply with its duty of disclosure to the USPTO during the prosecution of the '828 patent.

79.     This is an exceptional case entitling Defendants to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

80.     Absent a declaration of invalidity, Keith will continue to wrongfully assert the '828 patent against Defendants, and thereby cause Defendants irreparable injury and damage. Accordingly, a judicial declaration that Defendants' activities and products have not resulted in infringement of any valid claim of the '828 patent is necessary and appropriate.  Specifically, Defendants are entitled to a declaration, under 28 U.S.C. § 2201 *et seq.,* that the '828 patent is invalid and unenforceable under the U.S. patent laws.

## TENTH COUNTERCLAIM FOR RELIEF
### Declaration of Non-Infringement of U.S. Patent No. 6,019,215

81.     Defendants incorporate by reference each and every preceding paragraph as if fully set forth herein.

82.     An actual and justiciable controversy exists between Defendants and Keith with respect to non-infringement of U.S. Patent No. 6,019,215 ("the '215 patent") because Keith has brought this action against Defendants alleging that Defendants infringe one or more claims of a patent owned by Keith, identifying one such infringed patent as the '215 patent, and further alleging that the '215 patent is valid and enforceable, which allegations Defendants deny.

83.     Defendants have not directly infringed any valid claim of the '215 patent, either literally or under the doctrine of equivalents, have not induced infringement of any valid claim of the '215 patent, and has not committed acts constituting indirect or contributory infringement of any valid claim of the '215 patent.

84.     Keith has not alleged that any of Defendants' products include all the elements of any single claim of the invention disclosed in the '215 patent, nor can Keith so allege.

85.     This is an exceptional case entitling Defendants to an award of attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

86.     Absent a declaration of non-infringement, Keith will continue to wrongfully assert the '215 patent against Defendants, and thereby cause Defendants irreparable injury and damage.  Accordingly, a judicial declaration that Defendants' activities and products have not resulted in infringement of any valid claim of the '215 patent is necessary and appropriate. Specifically, Defendants are entitled to a declaration, under 28 U.S.C. § 2201 *et seq.,* that Defendants have not infringed '215 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise.

## ELEVENTH COUNTERCLAIM FOR RELIEF
### Declaration of Invalidity of U.S. Patent No. 6,019,215

87.     Defendants incorporate by reference each and every preceding paragraph as if fully set forth herein.

88.     An actual and justiciable controversy exists between Defendants and Keith with respect to the validity of U.S. Patent No. 6,019,215 ("the '215 patent") because Keith has brought this action against Defendants alleging, *inter alia*, that the '215 patent is valid and enforceable, which allegations Defendants deny.

89.     Upon information and belief, each and every claim of the '215 patent that Keith avers to have been infringed by Defendants is invalid under one or more provisions of the U.S. Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, or under U.S. case law.

90.     Upon information and belief, the invention disclosed in the '215 patent is not patentable over prior art known and existing since before the inventors alleged conceived and reduced the invention claimed in the '215 patent to practice.

91.     Upon information and belief, prior art was in existence prior to the time that the '215 patent was prosecuted before the USPTO.

92.     Upon information and belief, the '215 patent is unenforceable because Plaintiff, *inter alia*, failed to comply with its duty of disclosure to the USPTO during the prosecution of the '215 patent.

93.     This is an exceptional case entitling Defendants to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

94.     Absent a declaration of invalidity, Keith will continue to wrongfully assert the '215 patent against Defendants, and thereby cause Defendants irreparable injury and damage.

Accordingly, a judicial declaration that Defendants' activities and products have not resulted in infringement of any valid claim of the '215 patent is necessary and appropriate.  Specifically, Defendants are entitled to a declaration, under 28 U.S.C. § 2201 *et seq.,* that the '215 patent is invalid and unenforceable under the U.S. patent laws.

## TWELFTH COUNTERCLAIM FOR RELIEF
### Declaration of Non-Infringement of U.S. Patent No. 5,850,905

95.     Defendants incorporate by reference each and every preceding paragraph as if fully set forth herein.

96.     An actual and justiciable controversy exists between Defendants and Keith with respect to non-infringement of U.S. Patent No. 5,850,905 ("the '905 patent") because Keith has brought this action against Defendants alleging that Defendants infringe one or more claims of a patent owned by Keith, identifying one such infringed patent as the '905 patent, and further alleging that the '905 patent is valid and enforceable, which allegations Defendants deny.

97.     Defendants have not directly infringed any valid claim of the '905 patent, either literally or under the doctrine of equivalents, have not induced infringement of any valid claim of the '905 patent, and has not committed acts constituting indirect or contributory infringement of any valid claim of the '905 patent.

98.     Keith has not alleged that any of Defendants' products include all the elements of any single claim of the invention disclosed in the '905 patent or any equivalent thereof, nor can Keith so allege.

99.     This is an exceptional case entitling Defendants to an award of attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

100.    Absent a declaration of non-infringement, Keith will continue to wrongfully assert the '905 patent against Defendants, and thereby cause Defendants irreparable injury and

damage.   Accordingly, a judicial declaration that Defendants' activities and products have not resulted in infringement of any valid claim of the '905 patent is necessary and appropriate. Specifically, Defendants are entitled to a declaration, under 28 U.S.C. § 2201 *et seq.,* that Defendants have not infringed '905 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise.

### THIRTEENTH COUNTERCLAIM FOR RELIEF
### Declaration of Invalidity of U.S. Patent No. 5,850,905

101.   Defendants incorporate by reference each and every preceding paragraph as if fully set forth herein.

102.   An actual and justiciable controversy exists between Defendants and Keith with respect to the validity of U.S. Patent No. 5,850,905 ("the '905 patent") because Keith has brought this action against Defendants alleging, *inter alia*, that the '905 patent is valid and enforceable, which allegations Defendants deny.

103.   Upon information and belief, each and every claim of the '905 patent that Keith avers to have been infringed by Defendants is invalid under one or more provisions of the U.S. Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, or under U.S. case law.

104.   Upon information and belief, the invention disclosed in the '905 patent is not patentable over prior art known and existing since before the inventors alleged conceived and reduced the invention claimed in the '905 patent to practice.

105.   Upon information and belief, prior art was in existence prior to the time that the '905 patent was prosecuted before the USPTO.

106.   This is an exceptional case entitling Defendants to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

107.    Upon information and belief, the '905 patent is unenforceable because Plaintiff, *inter alia*, failed to comply with its duty of disclosure to the USPTO during the prosecution of the '905 patent.

108.    Absent a declaration of invalidity, Keith will continue to wrongfully assert the '905 patent against Defendants, and thereby cause Defendants irreparable injury and damage. Accordingly, a judicial declaration that Defendants' activities and products have not resulted in infringement of any valid claim of the '905 patent is necessary and appropriate.  Specifically, Defendants are entitled to a declaration, under 28 U.S.C. § 2201 *et seq.,* that the '905 patent is invalid and unenforceable under the U.S. patent laws.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

A.    Dismissal of the Second Amended Complaint with prejudice;

B.    An Order declaring that:

    i.    Defendants have not infringed any valid patent rights owned by Plaintiff;

    ii.    Defendants have not infringed any valid trademark rights owned by Plaintiff;

    iii.    Defendants have not unfairly competed against Plaintiff;

    iv.    Plaintiff's federal trademark registration (U.S. Trademark Reg. No 4,668,081) is invalid and unenforceable;

    v.    No product made, used, sold, offered for sale, imported, or exported by Defendants, or anyone in privity, with them infringe any valid claim of any of Plaintiff's patents-in-suit (U.S. patent numbers 6,000,530; 7,028,832; 5,850,905; 6,019,215; and/or 8,006,828);

    vi.    Plaintiff's patents-in-suit (U.S. patent numbers 6,000,530; 7,028,832; 5,850,905; 6,019,215; and/or 8,006,828) are invalid and unenforceable;

    vii.    This is an exceptional case under 35 U.S.C. § 285;

    viii.    This is an exceptional case under 15 U.S.C. § 1117;

    ix.    Plaintiff's federal trademark registration (U.S. Trademark Reg. No 4,668,081) is cancelled and shall be removed from the Principal Trademark Register;

    x.    Plaintiff is not entitled to any recovery for any conduct by Defendants;

    xi.    Plaintiff is not entitled to any recovery for any conduct by anyone in privity with Defendants;

    xii.    Plaintiff, its officers, agents, employees and attorneys, and those persons in active concert, participation, or otherwise in privity with it, be permanently enjoined and restrained from instituting, prosecuting or threatening any action against Defendants or anyone in privity with them with respect to any use of any products or services for any patent or trademark now in existence;

C.    An award to the Defendants of their costs and reasonable attorneys' fees.

D.    Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

    Defendants demand a jury trial on all issues so triable by jury.

Dated: January 25, 2016          Respectfully submitted,

/s/ Cory J. Floyd
Cory Jon Floyd
Norton & Wood
315 Main St, PO Box 1808
Texarkana, TX 75504-1808
Tel.: 903-823-1321
Fax: 903-823-1325
Email: cory@nortonandwood.com

Paul Fields (*pro hac vice*)
Cameron S. Reuber (*pro hac vice*)
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Telephone: (914) 288-0022
Email: fields@leasonellis.com
Email: reuber@leasonellis.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was filed electronically in compliance with Local Civil Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service of document on this 25th day of January, 2016 per Local Rule CV-5(a)(3)(A).

Bruce A Kaser
Vantage Law PLLC
420 Front Street S
Issaquah, WA 98027
Tel.: 425.394.8741
Fax: 425.391.8754
Email: bruce@vantagelaw.net

Gordon W Stewart
Stewart Law Offices
PO Box 791980
Paia, HI 96779
Tel.: 808.243.9000
Fax: 877.395.1772
Email: gordy@gstewartlaw.com

John Robert Mercy
Mercy Carter Tidwell, L.L.P.
1724 Galleria Oaks Drive
Texarkana, TX 75503
Tel.: 903.794.9419
Fax: 903.794.1268
Email: jmercy@texarkanalawyers.com

/s/ Cory J. Floyd
Cory J. Floyd